**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case nos.: 18-cv-09497,
18-cv-09498, 18-cv-09507, 18-cv-09511, 18-cv-
09549.

MASTER DOCKET

18-md-2865 (LAK)

## PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST GROUP TRUST DEFENDANTS

HUGHES HUBBARD & REED LLP
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ............................................................................................................... 2

LEGAL STANDARD........................................................................................................ 5

ARGUMENT.................................................................................................................... 6

      A.     The Court should enter the Group Trusts' default or direct the clerk to enter their default. ............................................................................................ 6

      B.     The Court should enter default judgments against the Group Trusts. .................... 7

CONCLUSION................................................................................................................. 9

103854913_8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir. 1981)........................................5

*Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230 (2d Cir. 2012)..........................................5

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir. 2011).....................5, 6, 7

*Flanagan v. N. Star Concrete Constr., Inc.,* No. 13-CV-2300 (JS)(AKT), 2014 WL 4954615 (E.D.N.Y. Oct. 2, 2014) ...................................................8

*Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444 (2d Cir. 2013)........................................5

*Ideavillage Products Corp. v. Bling Boutique Store*, No. 16-CV-9039, 2018 WL 3559085 (S.D.N.Y. July 24, 2018).......................................6

*Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers, Local Union No. 71 v. Lovejoy Metals, Inc.*, 495 F.Supp.3d 174 (W.D.N.Y. 2020)................................7, 8

*Kelly Toys Holdings, LLC v. alialialiLL Store*, No.21-CV-8434, 2022 WL 2072567 (S.D.N.Y. 2022)...............................................6

*Nespresso USA, Inc. v. Africa America Coffee Trading Co. LLC*, No. 15-CV-5553, 2016 WL 3162118 (S.D.N.Y. June 2, 2016)...................................6

*New York v. Green*, 420 F.3d 99 (2d Cir. 2005).......................................5

*Priestley v. Headminder, Inc.*, 647 F.3d 497 (2d Cir. 2011).......................................5

*RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12-CV-1369, 2013 WL 1668206 (S.D.N.Y. April 18, 2013)...............................................6

*Santana v. Latino Express Restaurants, Inc.*, 198 F.Supp. 3d 285 (S.D.N.Y. 2016)...............................................5

*Tambriz v. Taste and Sabor LLC*, 577 F.Supp.3d 314 (S.D.N.Y. 2021).......................................5

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105 (2d Cir. 1997) ...............................................6

*In re West 125th Street Liquors*, 615 B.R. 25 (S.D.N.Y. 2020)................................7

103854913_8

**Statutes and Rules**

Federal Rule of Civil Procedure 54(c)........................................................................6, 9

Federal Rule of Civil Procedure 55 ...............................................................................5

Federal Rule of Civil Procedure 55(a)....................................................................1, 5, 6

Federal Rule of Civil Procedure 55(b) ......................................................................1, 5

Local Rule 55.1(b)..........................................................................................................6

103854913_8

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in support of its motion for entry of default judgments against Defendants Autoparts Pensions Group Trust, Industrial Pensions Group Trust, Casting Pensions Group Trust, Central Technologies Group Trust, and Bluegrass Investments Group Trust (collectively, the "<u>Group Trusts</u>") in their respective cases.

### PRELIMINARY STATEMENT

The Court should enter the Group Trusts' default, pursuant to Federal Rule of Civil Procedure 55(a), and a default judgment against each of them, pursuant to Federal Rule of Civil Procedure 55(b), because the Group Trusts have abandoned their defense of SKAT's claims in this litigation.  In response to interrogatories and requests for admissions SKAT served in 2021, the Group Trusts' counsel informed SKAT that the Group Trusts supposedly have no assets and neither a trustee nor any other person authorized to act on their behalf who could answer SKAT's discovery requests.  Subsequently, the Group Trusts' counsel failed to respond to a February 2022 letter SKAT sent asking for confirmation whether the Group Trusts intend to continue defending SKAT's claims.  And in the parties' December 22, 2025 joint letter report to the Court on the status of the remaining cases in this multidistrict litigation, signed by the Group Trusts' attorneys of record, the Group Trusts' counsel confirmed that there still "is no person or entity authorized to act on behalf of the group trusts" and offered no protest to SKAT's stated intent to move for default judgments.

The Group Trusts readily apparent intent to not participate any further in these cases warrants the entry of their default.  And as result, the well-pleaded allegations in SKAT's operative complaints, admitted as true as a result, establish the Group Trusts' liability on SKAT's claims pleaded therein.  Thus, the Court should enter default judgments against each Group Trust in the amount of the damages SKAT suffered because of its fraud, *i.e.*, the amount SKAT paid on

1

each Group Trusts' fraudulent tax refund claims, as evidenced by the contemporaneously filed

Declaration of Boris Frederiksen.

## **BACKGROUND**

On June 14, 2018, SKAT sued each of the Group Trusts, along with Bernard Tew and

Bluegrass Investment Management, LLC, in five separate actions in the Eastern District of

Kentucky, alleging claims for fraud, aiding and abetting fraud, negligent misrepresentation and

unjust enrichment, arising from the Group Trusts' submission of fraudulent tax refund claims to

SKAT.[1]  In August 2018, Mark Hyland and Ross Hooper of Seward and Kissel LLP ("S&K")

filed appearances on behalf of the Group Trusts and the other defendants in the cases.  In April

2020, after the Judicial Panel on Multidistrict Litigation transferred the actions to this Court for

consolidated pretrial proceedings, SKAT amended its complaints.  The Group Trusts, Mr. Tew,

and Bluegrass Investment Management filed joint answers to SKAT's initial and amended

complaints, respectively, on October 24, 2018,[2] and June 29, 2020.[3]

---

1.  Compl., *SKAT v. Casting Pensions Group Trust, Bluegrass Investment Management, LLC & Bernard Tew*, 5:18-cv-00403-DCR (ECF No. 1); Compl., *SKAT v. Bluegrass Retirement Group Trust, Bluegrass Investment Management, LLC & Bernard Tew*, 5:18-cv-00406-DCR (ECF No. 1); Compl., *SKAT v. Central Technologies Pensions Group Trust, Bluegrass Investment Management, LLC & Bernard Tew*, 5:18-cv-00405-DCR (ECF No. 1); Compl., *SKAT v. Autoparts Pensions Group Trust, Bluegrass Investment Management, LLC & Bernard Tew*, 5:18-cv-00408-DCR (ECF No. 1); Compl., *SKAT v. Industrial Pensions Group Trust, Bluegrass Investment Management, LLC & Bernard Tew*, 5:18-cv-00402-DCR (ECF No. 1).

2.  Answer, *Skatteforvaltningen v. Casting Pensions Group Trust et al*, 18-cv-09498-LAK (ECF No. 24); Answer, *Skatteforvaltningen v. Bluegrass Pensions Group Trust et al*, 18-cv-09511-LAK (ECF No. 26); Answer, *Skatteforvaltningen v. Central Technologies Pensions Group Trust et al*, 18-cv-09507-LAK (ECF No. 25); Answer, *Skatteforvaltningen v. Autoparts Pensions Group Trust et al*, 18-cv-09549-LAK (ECF No. 25); Answer, *Skatteforvaltningen v. Industrial Pensions Group Trust et al*, 18-cv-09497-LAK (ECF No. 23).

3.  Answer to Amended Compl., *Skatteforvaltningen v. Casting Pensions Group Trust et al*, 18-cv-09498-LAK (ECF No. 85); Answer to Amended Compl., *Skatteforvaltningen v. Bluegrass Pensions Group Trust et al*, 18-cv-09511-LAK (ECF No. 87); Answer to Amended Compl., *Skatteforvaltningen v. Central Technologies Pensions Group Trust et al*, 18-cv-09507-LAK (ECF No. 86); Answer to Amended Compl., *Skatteforvaltningen v. Autoparts Pensions Group Trust et al*, 18-cv-09549-LAK (ECF No. 86); Answer to Amended Compl., *Skatteforvaltningen v. Industrial Pensions Group Trust et al*, 18-cv-09497-LAK (ECF No. 84).

In December 2021, SKAT settled its claims against Mr. Tew, among others, as a result of which SKAT voluntarily dismissed its claims against Mr. Tew and consent judgments were entered against Bluegrass Investment Management, leaving each Group Trust as the only remaining defendant in its respective case.[4]  While Mr. Tew, at one time, served as trustee of the Group Trusts, and Bluegrass Investment Management, of which Mr. Tew was a principal, as their investment manager, SKAT's claims against the Group Trusts were not resolved as part of the settlement.

As such, in August 2021, SKAT asked S&K for information identifying who is authorized to act on behalf of the Group Trusts.[5]  On September 14, 2021, S&K responded that it would not answer SKAT's questions, supposedly because they were "in the nature of interrogatories directed to a non-party," but, nevertheless, produced "a document prepared by the Tews bearing Bates-stamp number TEWD_0099002 reflecting their understanding of the trusteeships for the Group Trusts."[6]  According to that document, (i) Mr. Tew was the initial trustee for each of the Group Trusts starting in 2011, (ii) the most recent trustees (Mr. Tew and Melissa Gayheart) for the Bluegrass Retirement Group Trust, Central Technologies Pensions Group Trust, and Autoparts Pensions Group Trust resigned on June 30, 2019, after this litigation was initiated, and (iii) Gordon Mullis was the most recent trustee for the Casting Pensions Group Trust and the Industrial Pensions Group Trust.[7]

---

4.  *See* Stipulation and Order of Voluntary Dismissal, 18-md-02865, ECF No. 753 (S.D.N.Y. March 29, 2022); Consent Judgments against Bluegrass Investment Management Plan, 18-md-02865 (ECF Nos. 748, 750-752, 754, 759, 761, 762, 764-766) (S.D.N.Y. March 29, 2022).

5.  Email from D. Smith to R. Hooper, dated August 24, 2021 (Declaration of Marc A. Weinstein, dated January 16, 2026 ("Weinstein Decl."), Ex. 1).

6.  Letter from M. Hyland to D. Smith, dated Sept. 14, 2021 (Weinstein Decl., Ex. 2).

7.  *See* TEWD_0099002 (Weinstein Decl., Ex. 3).

On November 3, 2021, SKAT served interrogatories and requests for admission on the Group Trusts.[8]  In response, on December 3, 2021, S&K wrote to SKAT that (i) Bluegrass Investment Management and Mr. Tew "were previously the investment managers for the Group Trusts," but had resigned as such, (ii) "the trustees for each of the Group Trusts previously resigned as trustees," (iii) "the Group Trusts do not have any assets," and (iv) as such, "there is not any person or entity authorized to act on behalf of the Group Trusts" and S&K thus is "not in a position to respond to" SKAT's discovery requests.[9]  The Group Trusts never answered the interrogatories or requests for admission.

Thus, on February 28, 2022, SKAT wrote to S&K to confirm that neither it, "on behalf of the Group Trusts, nor the Group Trusts themselves intend to defend against SKAT's actions any longer, including participating in any trial or further pre-trial proceedings."[10]  SKAT received no response.

More recently, SKAT sent a draft of the joint letter responding to Pre-Trial Order No. 57 to S&K that restated that there was no person or entity authorized to act on behalf of the Group Trusts and SKAT's intention to seek default judgments against the Group Trusts.[11]  On December 19, 2025, S&K confirmed that there is no person or entity authorized to act on behalf of the Group Trusts.[12]

---

8.  Email from E. Pamukcu to S. Toll, M. Hyland, R. Hooper, & J. O'Toole, dated Nov. 3, 2021 (Weinstein Decl., Ex. 4).

9.  *See* Letter from M. Hyland to D. Smith, dated Dec. 3, 2021 (Weinstein Decl., Ex. 5).

10.  Letter from D. Smith to M. Hyland, dated Feb. 28, 2022 (Weinstein Decl., Ex. 6).

11.  Email from D. Smith to R. Hooper, dated Dec. 18, 2025 (Weinstein Decl., Ex. 7).

12.  *Id.*

103854913_8

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs judgments against a party that has failed to plead or otherwise defend itself in an action.[13]   Rule 55 establishes a two-step process for obtaining a judgment against a defaulting party.[14]   A plaintiff must first obtain an entry of default indicating that a party has "failed to plead or otherwise defend."[15]   Second, a plaintiff must move for entry of a default judgment pursuant to Rule 55(b).[16]   "The decision to grant such a motion is left to the sound discretion of the district court."[17]   To determine whether a motion for default judgment is warranted, "courts within this district consider three factors: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."[18]

Pursuant to Rule 55, the court must also "determine whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability with respect to each cause of action."[19]   A defendant who defaults thereby admits all well-pleaded factual allegations

---

13. *See Tambriz v. Taste and Sabor LLC*, 577 F.Supp.3d 314, 321 (S.D.N.Y. 2021) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir. 1981)).

14. *Id.* (citing *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011)).

15. Fed. R. Civ. P. 55(a).

16. Fed. R. Civ. P. 55(b).

17. *See Tambriz*, 577 F.Supp.3d at 321 (citing *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 233 (2d Cir. 2012)).

18. *Id.* (citing *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court's grant of a default judgment)); *see also Santana v. Latino Express Restaurants, Inc.*, 198 F.Supp. 3d 285, 291 (S.D.N.Y. 2016) (same).

19. *Kelly Toys Holdings, LLC v. alialialiLL Store*, 2022 WL 2072567, at *7 (S.D.N.Y. 2022) (citing *Nespresso USA, Inc. v. Africa Am. Coffee Trading Co. LLC*, No. 15-CV-5553, 2016 WL 3162118, at *2 (S.D.N.Y. June 2, 2016)).

5

contained in the complaint.[20]   A factual allegation will be deemed not well-pled "only in very narrow, exceptional circumstances."[21]   Once liability is determined, the plaintiff bears the burden of establishing an amount of damages with reasonable certainty.[22]   Further, the damages awarded on a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[23]

## ARGUMENT

### I.   The Court should enter the Group Trusts' default or direct the clerk to enter their default.

Initially, the Court should enter, or direct the clerk to enter, the Group Trusts' default pursuant to Federal Rule of Civil Procedure 55(a) because they have "failed to plead or otherwise defend" against SKAT's claims.   "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default."[24]   Thus, Local Rule 55.1(b) provides that the Court, "on its own initiative, may enter default or direct the clerk to enter default."[25]

---

20.  *Id.* (citing *City of New York,* 645 F.3d at 137 (2d Cir. 2011)).

21.  *Id.* (citing *Ideavillage Products Corp. v. Bling Boutique Store*, No. 16-CV-9039, 2018 WL 3559085, at *2 (S.D.N.Y. July 24, 2018)).

22.  *Id.* (citing *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12-CV-1369, 2013 WL 1668206, at *6 (S.D.N.Y. April 18, 2013) (collecting cases)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

23.  *Id.* (quoting Fed. R. Civ. P. 54(c)).

24.  *City of New York,* 645 F.3d at 128.

25.  Joint US Dist. S.D. & E.D. N.Y. Loc. Civ. R. 55.1(b). On January 13, 2026, SKAT filed Requests for Certificates of Default with regard to the Group Trusts.  On January 15, that filing was rejected as deficient, in part, on the basis that there was no citation included for Certificates of Service of the Amended Complaints against the Group Trusts.  Citation to the requested Certificates of Service were not included because service of the Amended Complaints was properly effected on S&K, counsel for the Group Trusts, via ECF. Therefore, there were never any Certificates of Service filed for the Amended Complaints.

Entry of default against the Group Trusts is warranted because, as set forth above, while they appeared and answered SKAT's complaints, they stopped participating in these cases years ago, after their counsel disclosed to SKAT that there is no individual or entity authorized to act on their behalf.  There has been no indication in the past few years that the Group Trusts will participate in any potential future proceedings, including a trial on SKAT's claims, as evidenced by the parties' December 22, 2025 joint status report to the Court.

## II.    **The Court should enter default judgments against the Group Trusts.**

After entering their default, the Court should enter default judgments against each of the Group Trusts in the amounts set forth below.

*First*, all the factors courts consider in determining whether a default judgment is warranted weigh in SKAT's favor. The Group Trusts have willfully failed to defend against SKAT's claims by ceasing to participate in these cases.[26]  The Group Trusts have no meritorious defense because they cannot, as they "must," "present evidence of facts that, if proven at trial, would constitute a complete defense" to SKAT's claims."[27]  In their answers to SKAT's amended complaints, the Group Trusts pleaded the same four "affirmative defenses," each of which has been rejected by the Court already or is otherwise meritless, including failure to state a claim, the revenue rule, failure to plead fraud with particularity (each of which the Court implicitly rejected in denying the first motion to dismiss filed in this multidistrict litigation),[28] and that SKAT's

---

26. *Cf. In re West 125th Street Liquors*, 615 B.R. 25, 30 (S.D.N.Y. 2020) (citing *City of New York,* 645 F.3d at 129–30 (collecting cases)) (not appearing for trial also constitutes a failure to defend).

27. *Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers, Local Union No. 71 v. Lovejoy Metals, Inc*., 495 F.Supp.3d 174, 185 (W.D.N.Y. 2020) (citation omitted).

28. *See* Memorandum Opinion, 18-md-02865, ECF No. 62 (January 9, 2019).  Further, as SKAT's complaints have already survived motions to dismiss, the allegations in the complaints against the Group Trusts should be assumed to be well-plead.

claims are barred because it is seeking similar relief in another forum (there is no such other forum or action).[29]   And SKAT will be prejudiced if a default judgment is not entered because, otherwise, it will "be unable to recover for the claims adequately set forth in" its amended complaints.[30]

*Second*, the well-pleaded allegations in SKAT's amended complaints, deemed admitted by the Group Trusts because of their default, establish the Group Trusts' liability on SKAT's claims.   For instance, with respect to its fraud claims, SKAT alleged that the Group Trusts submitted a multitude of tax refund claims to SKAT, supported by tax vouchers issued by ED&F, falsely representing that the Group Trusts owned shares on which they received dividends, net of withholding tax, when, in fact, the Group Trusts never owned any such shares or received any such dividends.[31]   Further, SKAT alleged, the Group Trusts knew that these representations were false, or at the least, were reckless with respect to their truth, and intended SKAT to rely on them.[32]   And in reliance on those representations, SKAT paid each of the Group Trusts' tax refund claims in full, thereby suffering damages in that amount.[33]

*Third*, proof of the amount of damages SKAT suffered because of the Group Trusts' fraudulent tax refund claims is set forth in the Declaration of Boris Frederiksen, filed contemporaneously herewith.   As set forth therein, SKAT suffered damages from each Group

---

29.  *Supra* note 3.

30.  *Int'l Ass'n of Sheet Metal,* 495 F.Supp.3d at 185 (citing *Flanagan v. N. Star Concrete Constr., Inc.,* No. 13-CV-2300 (JS)(AKT), 2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014)).

31.  *See, e.g.*, Amended Compl., *Skatteforvaltningen v. Central Technologies Pensions Group Trust et al,* 18-cv-09507-LAK ¶¶ 3-5 (ECF No. 73). SKAT's allegations against each Group Trust are materially the same.

32.  *Id.* ¶¶ 86-87.

33.  *Id.* ¶ 89.

8

Trusts' refund claims, and thus should be awarded a default judgment with respect to each Group Trust, in the following amounts:[34]

      a.   Autoparts Pensions Group Trust: DKK 44,504,744.57, or $6,922,267.26 (US);

      b.   Industrial Pensions Group Trust: DKK 42,964,067.68, or $6,682,630.40 (US);

      c.   Casting Pensions Group Trust: DKK 43,376,073.38, or $6,746,713.76 (US);

      d.   Central Technologies Group Trust: DKK 40,031,115.49, or $6,226,439.06 (US);

      e.   Bluegrass Investments Group Trust: DKK 16,310,160.35, or $2,536,882.08 (US).[35]

Consistent with Federal Rule of Civil Procedure 54(c), the foregoing Danish Kroner amounts are virtually identical, and thus do not "differ in kind from, or exceed in amount," to what SKAT demanded in in its amended complaints against the Group Trusts.[36]

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court grant its motion and (i) enter, or direct the clerk to enter, the Group Trusts' default, and (ii) enter a default judgment against each Group Trust in the amounts set forth above.

---

34.  The conversions from DKK to U.S. Dollars were performed on January 16, 2026, utilizing a conversion rate of 1 U.S. Dollar to 6.43 DKK.

35.  *See* Declaration of Boris Frederiksen, dated January 16, 2026, ¶ 5, Ex. 1.

36.  Fed. R. Civ. P. 54(c).

103854913_8

Dated: New York, New York
        January 16, 2026

                              HUGHES HUBBARD & REED LLP

                              By:____/s/ Marc A. Weinstein_____
                                  Marc A. Weinstein
                                  Neil J. Oxford
                                  Dustin P. Smith
                                  Gregory C. Farrell
                              One Battery Park Plaza
                              New York, New York 10004-1482
                              Telephone: (212) 837-6000
                              Fax:  (212) 422-4726
                              marc.weinstein@hugheshubbard.com
                              neil.oxford@hugheshubbard.com
                              dustin.smith@hugheshubbard.com
                              gregory.farrell@hugheshubbard.com

                              *Counsel for Plaintiff Skatteforvaltningen
                              (Customs and Tax Administration of the
                              Kingdom of Denmark)*